## R. A. MYRICK vs. E. M. & D. S. WELLS.

1. EJECTMENT : *Instructions.*
Instructions to the jury should not assume as conclusions of law what should have been submitted to the jury as questions of fact, nor should they assume any fact to be proved. This is for the jury to determine. The court should give the law applicable to the facts, if the jury believe from the evidence that such facts have been proved.

2. SAME: *Mode of introducing testimony.*
The manner of introducing testimony before the jury is a matter within the discretion of the court, and is not cause or ground for reversal unless this discretion is abused.

3. Same: *Rule of evidence.*
  The rule of law which relieves a plaintiff in ejectment from proving a perfect
    title in a common source, from which both parties claim, applies as well in
    cases where both parties claim title by descent as well as by deed.

Error to the Circuit Court of *Hinds* County.

Hon. Geo. F. Brown, Judge.

A sufficient statement of this case will be found in the opinion of the court.

Errors are assigned substantially as follows :

1. The court erred in permitting the witness McAlpine to be called to the stand a second time, counsel protesting against it.

2. In refusing to allow defendant below to testify as to the *bona fides* of his purchase and possession.

3. In giving the 1st, 2d, and 3d instructions for plaintiffs below.

4. In refusing the 2d, 3d, and 4th instructions for defendant.

*J. & J. M. Shelton*, for plaintiff in error :

1. The witness McAlpine was permitted to testify, to be dismissed, and then recalled, against the protestations of defendant's counsel. This was error.

2. It was error to refuse to permit Myrick, the defendant, to testify as to the *bona fides* of purchase, payment, and possession of the lands.

3. The 1st and 3d instructions given are substantially the same as the 2d and 4th refused; the two sets are exact counterparts, and relate to the common source of title. What proof of title was required at common law? See Adams on Ejectment (1840), pp. 275, 276, 277 ; Tyler on Ejectment, p. 482 ; 11 S. & M., p. 336 ; Clark *v.* Diggs, 6 Iredell, 159 ; Winn *v.* Cole's Heirs, Walker (Miss.), 123.

Having established the elementary principle, let us see how far this doctrine of tracing title from a common source has been carried in this state. See Doe *v.* Parker, 3 S. & M., 114 ; Doe *v.* Picket, 5 ib., 470 ; Doe *v.* Prichard, 11 ib., 327 ; Wolfe *v.* Dowell, 13 ib., 103 ; Wightman *v.* Reynolds, 24 Miss., 679 ; Smith *v.* Otley, 26 ib., 279 ; Cantozon *v.* Dorr,

27 ib., 245; McClanahan *v.* Barron, 27 ib., 664; Hughes *v.* Wilkinson, 28 ib., 600; Walker *v.* Williams, 30 ib., 165; Griffin *v.* Sheffield, 38 ib., 359; Gordon *v.* Sizer, 39 ib., 305.

The instructions were erroneous because they assumed the fact, which was a question for the jury to determine.

*T. J. & F. A. R. Wharton,* on the same side:

Filed a written argument discussing the facts in the case.

*E. E. Baldwin,* for defendants in error:

1. A party is not confined to any particular order in the introduction of his evidence. Baughan *v.* Graham, 1 How., 220. As a general rule a party calling a witness is bound at his peril to interrogate him on examination in chief, in the first instance, as to all material matters. But the court has a discretion. See Sartorious' case, 2 Cushman, 602.

2. As to the refusal to permit the defendant to testify as to his *bona fides* in his purchase and possession, there is no error in that, because that question was not in issue.

3. As to the giving for plaintiffs the 1st, 2d, and 3d instructions, and the refusal to give those asked by the defendant, those for plaintiffs apply to the case the principle that when the plaintiff has proved title of himself and defendant to a common source he need go no further back in his proof, while those refused for the defendant endeavor to limit the application of the principle to cases in which both parties claim title from a common source by grant, and not by descent.

Where both parties claim under the same third person it is *prima facie* sufficient to prove the derivation of title from him, without proving his title. Greenl. on Ev., part iv., 307. It is immaterial whether the title is claimed by descent, grant, or otherwise, consequently the court below did not err in giving the instructions to the jury.

CHALMERS, J., delivered the opinion of the court.

Elgin M. and Duncan S. Wells, as heirs at law of their maternal grandfather, Duncan McAlpine, instituted their action of ejectment in the circuit court of Hinds county, district No. 2,

against R. A. Myrick, for the recovery of an undivided one-fourth interest in a tract of land in the possession of the latter. They rested their case upon proof of their grandfather's title and of their own heirship; and, by way of showing that the defendant claimed under their grandfather by an inferior title, they produced in evidence a deed made by their own father to their maternal uncle, W. H. McAlpine, and a subsequent deed by W. H. McAlpine to defendant.

The land, having descended from their maternal grandfather after the death of their mother, could not of course be conveyed by their father's deed.

Defendant offered no testimony except as to rents and improvements; neither party called upon the other for any bill of particulars of their claim of title, under the provisions of § 1551 of the Code.

There was verdict and judgment for plaintiffs, and defendant appealed. The principal error complained of is the action of the court in giving and refusing instructions.

The court instructed the jury, at the instance of plaintiffs, that "it was not necessary for them to trace their title from the government, but that it was sufficient for them to show and trace their title from Duncan McAlpine, the common source of title to the land in question;" and, further, that their grandfather, "Duncan McAlpine, having survived their mother, plaintiffs inherited one-fourth part of his lands at his death, and their father, Spira M. Wells, had no interest in said lands whatever, and the deed executed by him to W. H. McAlpine conveyed no title;" and, further, "that inasmuch as defendant held all of the land under a deed from W. H. McAlpine, one of the children of Duncan McAlpine (but who was only the heir of one-fourth part thereof), it was not necessary for plaintiffs to show any title anterior to that of Duncan McAlpine, nor could defendant set up any outstanding title unless the same was adverse to the common source." The objection to all of these instructions is that they assume as conclusions of law what should have been submitted to the jury as questions of fact.

Plaintiffs had shown only the ownership of their grandfather and their own heirship.

They had laid before the jury a deed from their father to W. H. McAlpine, and one from the latter to the defendant. They had thus raised, perhaps, a strong probability that defendant was claiming under their grandfather, through their father and uncle; yet still this should have been left for the jury to decide as a question of fact.

Certainly their father was no heir of their maternal grandfather, and was therefore a stranger to the title. So their maternal uncle was likewise a stranger to the title, except as to an one-fourth part of the land. When, then, the father and uncle undertook to sell the land, it may be that they did not trace title through the grandfather, but claimed adversely.

Certainly there can be no absolute conclusion of law that in conveying a title which they had not inherited from him they were deriving it from him. The 1st instruction announces, as a legal proposition, that it was unnecessary for plaintiffs to do more than trace title "to Duncan McAlpine, the common source," thus assuming that defendant holds under said Duncan, and that he is the common source. The jury should have been instructed that, if they believed from the evidence that defendant's title was derived through Spira Wells and W. H. McAlpine from Duncan McAlpine, then it was unnecessary for plaintiffs to trace title beyond the latter. So, also, the 2d instruction, instead of stating absolutely that Spira M. Wells had no interest in the land, and consequently conveyed none by his deed, should have been confined to the statement that he had none as the son-in-law of Duncan McAlpine, without excluding the possibility of his having acquired it otherwise. The 3d instruction is liable to the same objection as the 1st, namely, that it assumes that both parties trace title to a common source, instead of leaving this fact to be determined by the jury from the proof. The court below refused to give several instructions asked for

defendant, which are stated in the briefs of counsel to have been the counterparts of those granted plaintiffs.

If these instructions had stopped with announcing the converse of the propositions contained in those of plaintiffs, it would have been error to have refused them ; but they go further, and enunciate the doctrine that the rule of law which relieves a plaintiff in ejectment from proving a perfect title in a common source, from which both parties claim, applies only to cases in which both parties claim their title by deed, thus excluding cases where one or both parties claim by descent, in whole or in part.

This position, though pressed in argument, seems unsupported by any authorities which have been produced or with which we are familiar ; nor do we see any reason or principle why the rule should be different in cases of common descent from that in cases of common title deeds.

Exception was taken on the trial, and it is assigned for error that plaintiffs were permitted to examine a witness as to certain matters and then dismiss him for the time being, and subsequently recall him, stating at the time he was dismissed that they intended to recall him, and defendant insisting that they should go on in the first instance and exhaust him.

There is thought to be no error in this. It was a matter in the discretion of the court, which seems to have been not unwisely exercised.

The witness was first introduced to prove the heirship of the parties, and was dismissed in order that the other links in the title might be otherwise supplied.

When the proof of title was concluded, this witness, with others, was introduced upon the question of mesne profits and improvements.

It is further assigned for error that defendant was not permitted to testify that he bought the land in good faith and paid the purchase money.

There was no error in this. The question at issue was solely

one of title, which could not be affected by the good faith or payment.

The testimony was therefore irrelevant.

For the errors indicated as having been committed in the granting of the instruction the cause is reversed and remanded, and a new trial awarded.